OPINION AND ORDER

BACKGROUND

¶ 1 On July 27, 2015, Appellant Ann Cantrell (“Cantrell”), was charged with Unlawful Possession of Dangerous Drugs, in violation of 7 CCOJ 413-A and two counts of Endangering the Welfare of Children, in violation of 7 CCOJ 240-B. She plead not guilty to all three charges and demanded a jury trial. The Court set bond at $2,000 cash with the additional conditions that she have no use of alcohol or drugs, no violation of the law, no contact with any victims or witnesses, and to appear as summonsed. A trial was initially scheduled for November 19, 2015 at 9:00 a.m.
¶2 Frances Weeks-Combs, Assistant Public Defender filed a Notice of Appearance and Request for Discovery on behalf of Appellant Cantrell on August 19, 2015. Although the record is unclear as to who filed a continuance of the trial date, a pretrial order reflects the Court issued a new trial date for February 18, 2016 at 9:00 a.m.
¶ 3 On February 17, 2016, Frances Weeks-Combs filed a Motion to Withdraw as Counsel for Appellant Cantrell. The basis for the request was that Appellant failed to keep in contact with the Public Defender’s Office. The same day, Appellant Cantrell filed an Affidavit with the Court requesting a continuance in order to seek legal counsel for her trial. On February 18, 2016, the day of Appellant’s jury trial, the Tribal Court granted the Public Defender’s Motion to Withdraw as Counsel, but denied Appellant’s Motion for a Continuance. Appellant Cantrell was required to proceed through her jury trial, pro se. At the conclusion of her trial, she was found guilty of all three charges. The Tribal Court then sentenced her to 90 days *433 incarceration for each charge for a total of 270 days of incarceration.
¶ 4 Sharon Avery, Lay Advocate, appeared on behalf of Appellant Cantrell on February 24, 2016 and filed three documents: 1) Notice of Appeal; 2) “Continuing Objection, Motion for Stay Pending Appeal, with Brief and Order;” and 3) “Continuing Objection, Motion for Court Sua Sponte Order for Release from Custody Pending Appeal with Brief and Order.” These pleadings are unconventional appellate form to say the least, however the issues raised within give rise to this appeal. On February 24, 2016 the Tribal Court denied the request to be released sua sponte pending appeal. On February 26, 2016, the Tribal Court denied Appellant’s request for a Stay of Sentence pending appeal.
¶ 5 On March 9, 2016, Sharon Avery filed a Motion to Withdraw as Counsel for Appellant Cantrell based on Appellant’s request for her to withdraw. The Court granted the Motion to Withdraw. The Appellate Court Granted Review and Denied Stay on March 18, 2015. Subsequent to withdrawing as counsel of record, Sharon Avery filed a brief in support of Appellant’s appeal and Motion to Recuse Justice Schuster. The Appellate Court is unaware if Sharon Avery continues to represent Appellant Cantrell or not.

STATEMENT OF JURISDICTION

116 The Fort Peck Appellate Court’s jurisdiction is generally limited to review the final orders from the Fort Peck Tribal Court. II CCOJ § 202.

ISSUE

¶ 7 Appellant’s Notice of Appeal identifies several legal issues for appeal. However, after reviewing the pleadings and brief filed in support of her appeal, the Appellate Court, as in Fort Peck Tribes v. Cerafin John Morales, Jr., 1 Am. Tribal Law 131 (1998), has found it necessary to address one dispositive issue not specifically raised by Appellant. Therefore, the Appellate Court shall consider, sua sponte, the following issue on appeal:
1. Whether the lower court abused its discretion when it granted the Public Defender’s Motion to Withdraw as Counsel for Appellant on the day of trial and then denied Appellant’s Motion to Continue to seek alternative legal representation, thereby violating her constitutional right to assistance of counsel?

STANDARD OF REVIEW

¶ 8 The Court of Appeals shall review de novo all determinations of the Tribal Court on matters of law, but shall not set aside any factual determinations of the Tribal Court if such determinations are supported by substantial evidence. II CCOJ § 202. The Fort Peck Appellate Court will review the lower court’s decision to grant the Motion to Withdraw on the day of trial, but deny the Motion to Continue for abuse of discretion.

DISCUSSION

¶ 9 A motion to withdraw as counsel should only be made under compelling circumstances. When deciding a motion to withdraw in a criminal case, the Tribal Court has a responsibility to promote the effective disposition of cases before it, while also protecting the constitutional rights of criminal defendants. The Tribal Court must deny a motion to withdraw if granting the motion would result in depriving the defendant of his/her right to effective assistance of counsel. This decision should be made on a case by case basis after carefully balancing the constitu *434 tional rights of the defendant with the cause alleged by counsel.
¶ 10 The Appellate Court previously determined when it is appropriate for the Tribal Court to allow an attorney or lay advocate to withdraw from representation of a client. In Fort Peck Tribes v. Carl Four Star Jr., App 079 (October 1989), the Appellant’s Counsel was allowed to withdraw because continuing representation would have caused her to engage in fraudulent conduct in violation of Ethics Canon 13. In its discussion, the Court considered the Code of Ethics for Attorneys and Law Counselors, Canon 10, which states:
(1) An attorney shall terminate representation if a client requests that the attorney engage in illegal or fraudulent conduct or conduct that violates the Fort Peck Code of Ethics.
(2) An Attorney may withdraw from representing a client if withdrawal can be accomplished without adversely affecting the client’s interests, or if:
(a) the client fails to substantially meet an obligation to the attorney regarding the attorney’s services and the client has been notified that the attorney will withdraw if the obligation is not met;
(b) the representation will result in an unreasonable financial burden on the attorney or has been made unreasonably difficult by the client; or
(c) other good cause for withdrawal exists ...
When the attorney is representing the client in a Court matter, withdrawal can only be accomplished upon motion to the Court. When ordered by a court of the Fort Peck Reservation to continue representation, an attorney shall do so despite good cause for terminating the representation. If termination is granted, an attorney shall take reasonable steps to protect the client’s interests. Such steps, include giving the client reasonable notice and time to appoint new counsel, and surrendering all papers and property to which the client is entitled, [emphasis added]
Fort Peck Tribes, Code of Ethics for Attorneys and Law Counselors, Canon 10
¶ 11 The Fort Peck Rules of Civil Procedure also address the proper procedures for an attorney or lay counselor to abide by when withdrawing from a case. Specifically, Rule 1-10 states:
(a) Leave of Court and Notice: No attorney/law counselor may withdraw from any case, civil or criminal, except by leave of Court after notice served on his client and opposing counsel.
(b) Responsibility of Attorney/Lay Counselor on Withdrawal: When an attorney/law counselor of record for any reason ceases to act for a party, such party should immediately appoint another attorney/law counselor or appear in person, and may be required to do so on motion and notice to such party.
R.Civ.Pro. App. 2, Rule 1-10.
¶ 12 Although, under the circumstances in this case, the Court may have had sufficient justification to allow Counsel to withdraw, the Public Defender failed to file her motion in a timely manner to allow her client to obtain alternative representation. According to the Code of Ethics and Civil Rules of Procedure cited above, both attorneys and lay counselors have an obligation to mitigate the harmful effects of withdrawal on their clients and to ensure they have an opportunity to find substitute representation. The Court also has a responsibility to ensure a criminal defendant’s constitutional right to counsel at his/her own expense would not be violated by granting the motion to withdraw. In *435 the case at hand, review of the Tribal Court’s decision to grant the public defender’s Motion to Withdraw must be considered within the context of the Defendant’s position to find alternative legal representation and therefore requires further analysis of the Tribal Court’s decision to deny the Motion to Continue to seek legal counsel.
¶ 13 In Fort Peck Tribes v. Tom Stafne, 4 Am. Tribal Law 230 (2002), the Fort Peck Appellate Court established guiding factors for the Tribal Court to weigh when deciding whether to grant a motion to continue. The decision to grant or deny the motion is within the discretion of the Tribal Court and will not be overturned absent an abuse of that discretion. However, the Appellate Court warned that the Tribal Court’s decision must not be arbitrary or capricious, and the Court must balance each party’s interests and make a determination based on various factors. Id.
¶ 14 First, the Appellate Court held that a motion to continue must be based in good cause. If the motion is not based on good cause, the Tribal Court should deny the motion. If the motion is based in good cause, the Court should weigh the following factors:
1) Will any of defendant’s fundamental rights be abridged or violated?;
2) Will any prejudice ensue to the opposing party?;
3) Is the motion calculated to delay the trial?;
4) Will granting the motion cause unreasonable delay?;
5) Will denial of the motion prevent a fair trial on the merits?;
6) Did either party contribute to, or cause the necessity of the motion?; and
7)Did the moving party exercise good faith and due diligence in attempting to avoid the situation that prompts the motion?;
Stafne, 4 Am. Tribal Law at 233.
¶ 15 In the case at hand, the first factor weighs heavily in favor of granting the Motion to Continue. The Tribal Court, prior to considering Appellant’s Motion to Continue, had already granted the Public Defender’s Motion to Withdraw and the Appellant’s jury trial had commenced. Surely, the Court recognized that by denying Appellant’s Motion to Continue, she would be forced to proceed through her jury trial pro se. It was clear from the Motion that Appellant desired to obtain counsel to assist her in her defense. Therefore, by denying the Motion, the Tribal Court violated Appellant’s right to assistance of counsel at her own expense.
¶ 16 Granting the Motion to Continue would have only prejudiced the opposing party by causing delay of the trial. Therefore the second, third, and fourth factors would be answered in the affirmative, however the delay would not unduly prejudice the Tribe and any speedy trial issues would be effectively waived considering it was Defendant’s motion. In Fort Peck Tribes v. Rayette Lambert, App 339, the Appellate Court concluded that timeliness of filing a motion is one of the important factors in reviewing for abuse of discretion. Although the Court may have deemed Appellant Cantrell’s Motion to Continue untimely, because it was filed the day prior to trial, it was in direct response to the Public Defender’s Motion to Withdraw as Counsel, which was filed on the same day and granted the day of trial. Therefore, timeliness is not a proper justification for denying the motion to continue in this case.
¶ 17 The fifth factor would also be answered in the affirmative, as Appellant *436 would be required to represent herself in a jury trial on serious charges. By essentially denying her assistance of counsel, she would have not received a fair trial on the merits. Appellant is not law trained and did not waive her right to counsel or express a desire to proceed without legal representation. Legal issues that would be raised by counsel may have been overlooked or not apparent to a pro se litigant.
¶ 18 The Tribe could possibly argue that Appellant contributed to the necessity of the motion by failing to keep in touch with the Public Defender’s Office. However, the Public Defender had an ethical and legal responsibility to file a timely Motion to Withdraw in order to allow Appellant time to secure alternative representation. The Motion to Withdraw, which the Court granted on the day of trial, was the reason Appellant filed her Motion to Continue, and therefore fault should not be attributed to Appellant.
¶ 19 The Court must also weigh the last factor in favor of Appellant. Her Motion to Continue was in response to her Counsel’s Motion to Withdraw, which was filed the day prior to her jury trial. Because the circumstances didn’t allow her to file her Motion to Continue at any time prior, the Court should find that she acted in good faith and with due diligence.
¶ 20 Based on the analysis above, it is clear that, after weighing the relevant factors provided as guidance by the Appellate Court, the Appellant’s Motion to Continue should have been granted in light of the Tribal Court’s decision to grant the Motion to Withdraw. Denying the Motion to Continue resulted in a violation of Appellant’s constitutional rights and prevented a fair trial on the merits.
¶ 21 Here, like in Stafne, the Tribal Court denied the motion without any support in the record, particularly without considering the Defendant has a right to counsel at her own expense and would be denied that right by denying the motion to continue. The Court’s decision to grant the Motion to Withdraw coupled with the Denial of the Motion to Continue violated Appellant’s constitutional right to assistance of counsel and was therefore an abuse of discretion.
¶22 The Appellate Court also finds it necessary to briefly address several other issues raised by the Appellant in her brief, due to her Counsel’s continual appeal on these issues in other cases. First, Appellant claims she was denied her civil and constitutional rights and subjected to unusual punishment as a person with known mental disorders. At no time during the pendency of her case did Appellant raise the issue of mental competence, therefore the Appellant Court will not consider that issue on appeal.
¶ 23 Second, the Appellant argues that she was denied her right to have a licensed public defender and a licensed lawyer judge at every stage of the proceeding. The Tribal Law and Order Act and the Fort Peck Tribal Code both require that a criminal Defendant be afforded several additional rights when the Tribe is seeking jail time exceeding one year. 25 U.S.C. § 1302; 6 CCOJ § 511. The Indian Civil Rights Act, which was amended by the passing of the Tribal Law and Order Act, requires the defendant to be afforded the right to effective assistance of counsel equal to that guaranteed by the U.S. Constitution. Id. Also, if a criminal defendant is indigent the Court must appoint a public defender that is licensed to practice law by any jurisdiction that applies professional licensing standards and ensures the competency and appropriate licensing standards. Furthermore, the Judge must have sufficient legal training and be licensed to practice law by any *437 jurisdiction, which could include the Tribe. In this case, however, the Tribe was not seeking jail time exceeding one year and therefore Appellant did not have a constitutional right to these additional protections under the Tribal Law and Order Act/Indian Civil Rights Act or as a matter of procedure under the Fort Peck Tribal Code.

ORDER

¶24 The Fort Peck Appellate Court hereby reverses the Tribal Court’s Denial of the Motion to Continue, Vacates her conviction, and remands to the Tribal Court for a new trial.
SO ORDERED.